IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WORKFORCE INTEGRATION INC, ) <br> d/b/a STRATAFORCE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:17-cv-4104 <br><br> C O M P L A I N T <br><br> Jury Trial Demanded |

## Nature of the Action

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. As alleged with greater particularity in paragraphs 13 through 24 below, Defendant, Workforce Integration Inc doing business as Strataforce, made prohibited inquiries as to whether its applicants were individuals with a disability and as to the nature and severity of such disabilities.

## Jurisdiction and Venue

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1)

and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana.

## Parties

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Workforce Integration Inc, doing business as Strataforce, has continuously been doing business in the State of Indiana and the City of Indianapolis, and has continuously had at least 15 employees.

5. At all relevant times, Strataforce has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times Strataforce has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## Administrative Procedures

7. More than thirty days prior to the institution of this action, the Commission received a charge alleging Strataforce violated the ADA.

8. On August 4, 2017, the Commission issued to Strataforce a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Strataforce to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Strataforce to provide Strataforce the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Strataforce a conciliation agreement acceptable to the Commission.

11. On August 29, 2017 the Commission issued to Strataforce a Notice of Failure of Conciliation advising Strataforce that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Statement of Claims

13. Since at least August 1, 2014, Strataforce has been engaged in unlawful employment practices at its Indianapolis, Indiana location, in

violation of Section 102(a) and (d)(2)(A) of the ADA, 42 U.S.C. § 12112(a) and (d)(2)(A).

14. Strataforce provides application documents to applicants for employment.

15. Exhibit A is a true and accurate copy of the application documents Strataforce has provided applicants.

16. Strataforce instructs applicants to fill out the application documents.

17. After applicants fill out the application documents, Strataforce interviews the applicants.

18. Applicants have not been provided a conditional offer of employment at the time they complete the application packet.

19. The application packet includes a document titled, "Post Conditional Job Offer Medical Questionnaire." Exhibit A, pp.12–13.

20. The Post Conditional Job Offer Medical Questionnaire includes questions such as, "Do you have any physical and/or mental limitations or have you sustained any injuries that would have an effect on your capacity to perform the duties of a clerical position with or without reasonable accommodation?" Exhibit A, p.12.

21. The Post Conditional Job Offer Medical Questionnaire also asks about applicants' current or former back, neck, and shoulder "problems and/or injuries" and injuries to fingers, hands, wrists, arms, and knees. Exhibit A, p.12.

22. Strataforce has violated Section 102(d)(2)(A) of the ADA, 42 U.S.C. § 12112(d)(2)(A), by engaging—before a conditional offer has been made—in inquiries as to whether its job applicants are individuals with disabilities and to the nature or severity of such disabilities by requiring its applicants to complete a "Post Conditional Job Offer Medical Questionnaire" that directs applicants to disclose "physical and/or mental limitations," current or former "problems and/or injuries" with back, neck, or shoulders, and injuries to fingers, hands, wrists, arms, and knees.

23. The unlawful employment practices complained of in Paragraph 22 were and are intentional.

24. The unlawful employment practices complained of in Paragraph 22 were and are done with malice or with reckless indifference to the federally protected rights of Strataforce's applicants.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction prohibiting Strataforce, its offers, agents, servants, employees, and all persons in active concert or participation with them, from making any medical inquiries or requiring any health history before a conditional offer has been made.

B. Order Strataforce to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant such further relief as the Court deems necessary and proper in the public interest.

D. Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

        James Lee
        Acting General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Kenneth L. Bird
        Regional Attorney
        U.S. Equal Employment Opportunity Commission
        Indianapolis District Office
        101 West Ohio Street, Suite 1900
        Indianapolis, Indiana 46204-4203
        Phone: 317-226-7204
        Fax: 317-226-5571
        Email: Kenneth.Bird@eeoc.gov

        Nancy Dean Edmonds
        Supervisory Trial Attorney
        U.S. Equal Employment Opportunity Commission
        Indianapolis District Office
        101 West Ohio Street, Suite 1900
        Indianapolis, Indiana 46204-4203
        Phone: 317-226-7229
        Fax: 317-226-5571
        Email: Nancy.Edmonds@eeoc.gov

        /s/ Jonathan P. Bryant
        Jonathan P. Bryant
        Trial Attorney
        U.S. Equal Employment Opportunity Commission
        Indianapolis District Office

                                        101 West Ohio Street, Suite 1900  
                                        Indianapolis, Indiana 46204-4203  
                                        Phone: 317-226-5588  
                                        Fax: 317-226-5571  
                                        Email: Jonathan.Bryant@eeoc.gov