IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No.: ) 1:17-cv-4104-SEB-MPB |
| v. | ) ) |
| WORKFORCE INTEGRATION INC, d/b/a STRATAFORCE, | ) ) ) ) |
| Defendant. | ) ) |

## Order and Judgment

This Court, having reviewed and taken notice of the pleadings and motions and with the consent of the Parties hereby enters Judgment as follows:

## The Litigation

1. On November 6, 2017, the Commission filed this single-count action (Doc. No. 1) under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* (the ADA), to correct unlawful employment practices on the basis of disability. Specifically, the Commission alleged Workforce Integration Inc, doing business as Strataforce, violated the ADA by requiring job applicants to fill out a two-page medical and disability questionnaire before offering employment to the applicants.

2. The Commission invoked, and the Court has, jurisdiction over both the subject matter and the parties in this litigation.

3. In the joint motion for entry of this judgment (Doc. No. 5), Strataforce states it does not oppose this Court's entry of judgment.

## Findings

4. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, Workforce Integration Inc, doing business as Strataforce, has continuously been doing business in the State of Indiana and the City of Indianapolis, and has continuously had at least 15 employees.

6. At all relevant times, Strataforce has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

7. At all relevant times Strataforce has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2). More than thirty days prior to the institution of this action, the Commission received a charge alleging Strataforce violated the ADA.

8. On August 4, 2017, the Commission issued to Strataforce a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Strataforce to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Strataforce to provide Strataforce the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Strataforce a conciliation agreement acceptable to the Commission.

11. On August 29, 2017 the Commission issued to Strataforce a Notice of Failure of Conciliation advising Strataforce that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit were fulfilled.

13. Strataforce provides application documents to applicants for employment.

14. Exhibit A to the Commission's Complaint (Doc. No. 1-1) is a true and accurate copy of the application documents Strataforce has provided to some applicants in the past.

15. Strataforce instructed those applicants to fill out the application documents.

16. After those applicants filled out the application documents, Strataforce interviewed the applicants.

17. Some applicants had not been provided a conditional offer of employment at the time they completed the application packet.

18. The application packet includes a document titled, "Post Conditional Job Offer Medical Questionnaire." Exhibit A, pp.12–13.

19. The Post Conditional Job Offer Medical Questionnaire includes questions such as, "Do you have any physical and/or mental limitations or have you sustained any injuries that would have an effect on your capacity to perform the duties of a clerical position with or without reasonable accommodation?" Exhibit A, p.12.

20. The Post Conditional Job Offer Medical Questionnaire also asks about applicants' current or former back, neck, and shoulder "problems and/or injuries" and injuries to fingers, hands, wrists, arms, and knees. Exhibit A, p.12.

21. After the Commission issued its Letter of Determination on August 4, 2017, finding reasonable cause to believe that Strataforce violated the ADA by asking at least some applicants to complete the Post Conditional Job Offer Medical Questionnaire, Strataforce has not engaged in any prohibited, pre-offer medical examinations or disability inquiries.

## Order

22. Strataforce's requiring applicants to disclose disabilities before Strataforce extends an offer of employment violates the ADA. 42 U.S.C. § 12112(d)(2). In general, "a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant

is an individual with a disability or as to the nature or severity of such disability." 42 U.S.C. § 12112(d)(2)(A). With conditions not relevant here, a "covered entity may require a medical examination *after* an offer of employment has been made to a job applicant and prior to the commencement of the employment duties of such applicant." 42 U.S.C. § 12112(d)(3) (emphasis added).

23. The ADA's prohibition against pre-offer medical examinations or inquiries is "premised on Congress's belief that '[h]istorically, employment application forms and employment interviews requested information concerning an applicant's physical or mental condition.' Congress believed that employers were using this information 'to exclude applicants with disabilities— particularly… hidden disabilities []—before their ability to perform the job was even evaluated.'" *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1212 (11th Cir. 2010) (quoting H.R.Rep. No. 101-485, pt. 2, at 72–73;1990 U.S.C.C.A.N. 303, 355-56); *see also Griffin v. Steeltek, Inc.*, 160 F.3d 591, 594–95 (10th Cir. 1998) ("[t]he legislative history of the ADA indicates that Congress wished to curtail all questioning that would serve to identify and exclude persons with disabilities from consideration for employment by drafting 'a prohibition on pre-offer medical examinations or inquiries.'").

24. Although the ADA refers to "acceptable inquiry" at this stage "into the ability of an applicant to perform job-related functions," 42 U.S.C. § 12112(d)(2)(B), this excludes medical inquiries. Specifically, both Congress and the Commission provide the following example of a permitted inquiry: "an

employer may ask whether the applicant has a driver's license, if driving is an essential job function, but may not ask whether the applicant has a visual disability. This prohibition against inquiries regarding disability is critical to assure that bias does not enter the selection process." H.R. REP. 101-485, 72–73, 1990 U.S.C.C.A.N. 303, 355–56; *see also* 29 C.F.R. Pt. 1630, App. at 362–63 (1998) (using same driving example and stating that 29 C.F.R. § 1630.13(a) "makes clear that an employer cannot inquire as to whether an individual has a disability at the pre-offer stage of the selection process" and noting that any job-related "questions should not be phrased in terms of disability.")

## Remedies

25. Because of its violations of the ADA, Strataforce, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them are permanently prohibited from requiring any pre-offer medical examinations or making any pre-offer medical inquiries at its Indiana facilities in violation of the ADA, 42 U.S.C. § 12112(d)(2)(A).

26. For a period of four years after entry of this Order and Judgment and at all its Indiana facilities, Strataforce shall keep posted in a location visible to applicants so that it is readable by applicants the Notice of Rights attached as Attachment 1. Additionally, Strataforce shall provide a written copy of the same Notice of Rights to each applicant for an employment opportunity and each employee who interacts with applicants during the application and hiring process.

27. On each of the first four anniversaries of the entry of this Order and Judgment, Strataforce shall report whether it has engaged in any prohibited, pre-offer medical examinations or disability inquiries since August 4, 2017. Strataforce shall submit its report to monitoring-EEOC-INDO@eeoc.gov.

28. This Court shall retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Date:   11/9/2017

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record via email generated by the court's ECF system.